**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Nuri Tawwab<br>11445 Columbia Pike, Apt B3<br>Silver Spring, Maryland 20904 | ) | |
| *Petitioner/Complainant*, | ) | Civil No. |
| v. | ) | |
| The Honorable Thomas E. Price<br>Secretary, U.S. Department of Health & Human Services<br>200 Independence Avenue, S.W.<br>Washington, DC 20201 | ) | |
| *Respondent/Defendant*. | ) | |

**PETITION FOR A WRIT OF MANDAMUS & COMPLAINT**
**FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

COMES NOW, Nuri Tawwab, Petitioner, Complainant, by and through undersigned counsel, and prays that this Honorable Court issue a Writ of Mandamus and grant relief under the Administrative Procedure Act (APA). For the following, Petitioner Tawwab respectfully submits the Court should grant the requested relief herein.

## I. Introduction

1. This action is brought against the Respondent to compel action against the Respondent. Specifically, Petitioner requests the Court to order (1) the Respondent to cease immediately all actions to terminate Petitioner as a United States Public Health Service Commissioned Corps (hereinafter "USPHS") officer; (2) the Respondent to refrain from obtaining a new medical evaluation while his current evaluation is still valid; (3) the Respondent to commission him to the Regular Corps by operation of law; (4) the Respondent to promote him consistent with his commissioning date; (5) the Respondent to pay Petitioner all monies and allowances to which he

is entitled; (6) the Respondent to pay Petitioner attorneys fees and costs; and, (7) grant any other relief that justice so requires.

## II. Jurisdiction

2. This is a civil action brought pursuant to 8 U.S.C. § 1329 (Jurisdiction of district courts) and 28 U.S.C. §§ 1331 (Federal question jurisdiction) and 1361 (Action to compel an officer of the United States to perform his duty). This Action is filed to reduce the deprivation of rights, privileges, and immunities secured to Petitioner by these statutes and to compel Respondent to perform duties he owes Petitioner. Jurisdiction is also conferred by 5 U.S.C. §§ 702, 706 and 555. (Administrative Procedure Act).

3. Petitioner Tawwab is entitled to have action taken as demonstrated herein.

## III. Venue

4. Venue is proper under 28 U.S.C. § 1391(e) because the principal Respondent/Defendant, The Honorable Thomas, E. Price, is being sued in his official capacity as the Secretary of the Department of Health and Human Services (hereinafter "HHS"), a U.S. agency which is headquartered in this district, which has jurisdiction over the USPHS.

## IV. Parties

5. Petitioner is a citizen of the United States, residing at the address stated herein, and he serves as a Lieutenant (hereinafter "LT") on active duty in the USPHS.

6. Respondent is the Secretary concerned of the Department of HHS. He is sued in his official capacity.

## V. Statement of Facts

7. LT Tawwab served as an intern in the USPHS during the summer of 2011 in Albuquerque, New Mexico. Upon completing the internship, LT Tawwab sought out a career in

the USPHS, which he believed would be much more fulfilling than working in the private sector of the pharmaceutical industry. Upon graduation, LT Tawwab received his first orders to serve an 18-month obligation with the Indian Health Service (hereinafter "IHS") as a USPHS commissioned officer to be completed December 3, 2014. In April 2012, he completed a Medical Evaluation with his next periodic examination scheduled for April 4, 2017. Exhibit 1. His IHS assignment, which started in May 2013, was as a pharmacist (0-3) at the Kayenta Indian Service Unit in Kayenta, Arizona. In a Personnel Order with an effective date of May 13, 2013, LT Tawwab was converted from the Ready Reserve Active to the Regular Corps. Exhibit 2.

8. LT Tawwab's tenure in his IHS assignment at the Kayenta Indian Service Unit was plagued by unorganized leadership and undue stress, which ultimately led him to be ordered into a medical leave status in October 2014. While on medical leave, LT Tawwab was treated by a psychologist. At the conclusion of his treatment and his medical leave of absence, LT Tawwab was diagnosed with situational stress resulting from his post at Kayenta Indian Service Unit.

9. Due to his medical leave absence from October 25, 2014 to December 3, 2014, LT Tawwab was required to perform a Fit-For-Duty (hereinafter "FFD") exam on April 29, 2015, nearly five months after his medical leave. A follow on Medical Review Board (hereinafter "MRB") confirmed that he was fit for duty. Exhibit 3.

10. LT Tawwab was offered a position to serve as a pharmacist with the Food Drug Administration (hereinafter "FDA"), a sub-component of the HHS. Since his transfer to the FDA in May 2015, LT Tawwab has been exemplary in completing his duties receiving numerous accolades in his current post. In fact, LT Tawwab has always performed his duties in an exemplary fashion.

11. In the summer of 2016, LT Tawwab observed that he did not receive a package for permanent promotion while his colleagues with similar tenure received and applied for promotion. After seeking advice from the Division of Commissioned Corps Personnel & Readiness (hereinafter "DCCPR" of the USPHS) LCDR Brutrinia Cain, an officer serving in the DCCPR, advised LT Tawwab in an e-mail dated July 6, 2016 that he had, in fact, not been transferred from the Ready Reserve and that the DCCPR was working on correcting his records to reflect his Regular Corps status thus making him eligible for promotion. Exhibit 4. In an email dated August 4, 2016, LCDR Cain informed LT Tawwab, "...Yes, technically, you are not supposed to get promoted when you are Ready Reserve status, so I believe that did impact your being eligible for permanent promotion last cycle. We are working to get this resolved, as I believe you are up for temporary 0-4 this year." Exhibit 5.

12. Not long after his August 4, 2016 exchange with LCDR Cain, LT Tawwab advised the DCCPR that he had taken his oath and submitted it to the USPHS. After nearly a month, LT Tawwab had still not been converted to Regular Corps status despite the fact that he had submitted all paperwork, passed all his medical exams, completed OBC, provided his written oath and received his Regular Corps status nearly three years prior.

13. On September 19, 2016, Commander Joy Lee, an officer serving in the Division of Commissioned Corps Officers Support, Office of Commissioned Corps Operations, Office of the Surgeon General, requested LT Tawwab to complete a new medical evaluation notwithstanding that his current medical profile was still valid for an additional year, until April 2017. Despite this, CDR Lee stated that he needed to complete the medical evaluation/application again; therefore to abide by orders, LT Tawwab submitted the report with the understanding he was doing so retroactive to his initial appointment in the USPHS, April 4, 2012. In October 2016,

after being told to resubmit his medical evaluation, CDR Lee conceded that LT Tawwab was correct that the USPHS erred in failing to convert him to Regular Corps status. Exhibit 6, 7.

14. On November 21, 2016, LT Tawwab e-mailed a Senior Medical Officer in the Medical Affairs Branch to explain that the USPHS had not converted him to Regular Corps and was now requiring a new medical exam. In response, that officer wrote: "[f]irst of all, after reading your e-mail, I must state that I, too, am surprised to hear about a mistake like this that was conveyed to you (by someone at PHS Headquarters)...Next, to hear that in spite of that mistake, you had to undergo another medical evaluation recently, after your evaluation in 2012...On behalf of the Medical Affairs Team, it is truly regrettable that all of this has befallen upon you and others like you who, as you described, had been subjected to this mistake by PHS Headquarters." Exhibit 8.

15. In a letter dated January 6, 2017, the Senior Medical Evaluations Officer, CDR Victoria Moncada, ordered LT Tawwab to submit additional medical screening tests, subject himself to a comprehensive psychiatric evaluation, and to answer questions regarding his second Report of Medical History submitted on September 22, 2016. Exhibit 9.

16. In a February 8, 2016 letter, undersigned counsel requested CDR Moncada to rescind the order to submit to a mental health examination as there was no basis in fact or law to require LT Tawwab to do so. Exhibit 10 (enclosures omitted). In two follow on letters, undersigned counsel forwarded LT Tawwab's pertinent medical screening tests, that he would not submit to a psychiatric medical examination as he had a valid current medical evaluation through April, 2017 and that his answers to the previously submitted medical history were completed as of his initial application on April 4, 2012. Exhibit 11, 12.

15. The USPHS clearly erred in failing to convert LT Tawwab to Regular Corps status in August 2013 and continues to error in requesting a new medical review. The Commissioned Corps Manual Readiness Requirements states the following: "A 5 Year Medical Exam (also known as the 5-Year Physical) is one of the 7 requirements needed to achieve and maintain a basic-level of readiness. This exam should be renewed every 5 years and BEFORE the expiration of the previous Medical Exam. Each five-year periodic physical examination is valid through the end of the month from the date signed by the examiner." Exhibit 13. LT Tawwab provided his 5 Year Medical Exam in April 2012 therefore his medical profile was valid until April 2017.

16. In a Memorandum dated, April 14, 2017, Rear Admiral Joan Hunter, USPHS, advised LT Tawwab that he would be immediately terminated from the Ready Reserve and that he would be separated on the effective date of the order. Exhibit 14.

## VI. CLAIMS

### Claim I: Mandamus Relief

17. A mandamus plaintiff must demonstrate that: (i) he has a clear right to the relief requested; (ii) the Respondent has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. Hamandi v. Chertoff, 550 F.Supp.2d 46, 53 (D.D.C. 2008). Petitioner easily meets all three of these criteria.

**i.** ***Petitioner Has a Clear Right to the Relief Requested***

18. Respondent has deliberately, willfully, and unreasonably refused to effect Petitioner's transfer to the Regular Active rolls and to promote him.

**ii.** ***Respondents Have a Clear Duty to Perform the Act in Question***

19. This Writ of Mandamus should be granted because Respondent owes Petitioner the duty to act on his request. See Donovan v. United States, 580 F.2d 1203, 1208 (3rd Cir. 1978),

holding that Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act. The Respondent has a clear duty to act on Petitioner's request. As here, where the government has failed to take any action, the Court may order the Respondents to adjudicate an application or petition. See e.g., Iddir v. INS, 301 F.3d 492, 500 (7th Cir. 2002); Patel v. Reno, 134 F.3d 929, 933 (9th Cir. 1997).

20. Mandamus is also appropriate because the government has failed to act within a reasonable amount of time. See Kim v. Ashcroft, 340 F.Supp.2d 384 (S.D.N.Y. 2004), noting that section 555(b) of the Administrative Procedure Act (APA) requires the government to act within a reasonable period of time. Petitioner Tawwab has provided all requisite documents in a timely manner. Moreover, he and his counsel have repeatedly been given conflicting information about his status.

21. Because Respondent has a clear duty to adjudicate Petitioner's request to be transferred, to be promoted, and to rescind any further requirements and Respondent has failed to act within a reasonable period of time, the Court may order Respondent to promptly adjudicate the request.

**iii.** ***No Other Adequate Remedy is Available to Petitioner***

22. The Writ of Mandamus ought to be granted because Petitioner has no alternative means of attaining action and his right to a decision on his request is "clear and indisputable." Allied Chemical Corps v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Through the last ten months, Petitioner has utilized all administrative means, short of filing suit, to procure a decision from Respondent, including phone calls, emails and letters from his attorney. As noted above, this has been to no avail. Because no other adequate remedy is available to Petitioner, this Honorable Court may order Respondents to adjudicate and grant Petitioner's request.

**Claim II: Violation of the Administrative Procedure Act (APA)**

23. Petitioner re-alleges the allegations contained in Paragraphs 1 through 22 as though fully set forth therein.

24. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. 5 U.S.C. § 702. Agency action includes the failure to act. *Id.* § 551(13). Because the APA requires agencies to conclude matters presented to them "within a reasonable time," *id.* § 555(b), a court may sometimes "compel agency action unlawfully withheld or unreasonably delayed," *id.* § 706(1).

25. Throughout this time, the Respondent has failed to act on LT Tawwab's requests and now—without any notice whatsoever-have ordered his immediate termination. *See* Exhibit 15. Such failure to act for more than 10 months constitutes agency action unlawfully withheld or unreasonably delayed in violation of 5 U.S.C. § 706(1).

26. The Administrative Procedure Act ("APA") entitles a party aggrieved by agency action to seek judicial review. 5 U.S.C. § 702 (2012). Under the APA, courts are required to "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2)(A).

27. LT Tawwab has been serving on active duty in the USPHS since April 2012. Through no fault of his own, the DCCPR failed to transfer him from the Ready Reserve to the Regular Corps.

28. The action of the Respondent is *ultra vires.*

29. Petitioner, LT Tawwab, received his Indian Health Service ("IHS") assignment in May of 2013, completed Officer Basic Course in August 2013 and was awarded his Regular Corps Ribbon. The USPHS erred in failing to convert LT Tawwab to Regular Corps status and

is unlawful in requesting that he provide a new medical profile while his previous profile was still valid until April, 2017. This is in direct violation of the Commissioned Corps Manual. Furthermore, respondent's failure to convert LT Tawwab to Regular Corps status violates 42 U.S. Code § 204 (b) that states the following: "Effective on March 23, 2010, all individuals classified as officers in the Reserve Corps under this section (as such section existed on the day before March 23, 2010) and serving on active duty shall be deemed to be commissioned officers of the Regular Corps." Thus, Responsdent's failure to convert LT Tawwab violates not only agency rules, but also federal law. Respondent's actions directly contravene established federal law regarding involuntary separation of Commissioned Corps officers. *See* Exhibit 15, CCD 123.01 (22 Oct 2015) and federal law on which that regulation is based.

30. There is no adequate remedy at law and monetary compensation is not practical in the instant case. LT Tawwab has complied with all USPHS requirements throughout his service, he has been found fit for duty, has been performing in exemplary fashion at his current post for the FDA and there is no basis upon which he should be required to undergo further medical evaluation or to terminate him from the Regular Corps. The agency's lack of timeliness in following its own internal procedures and violating federal law, constitutes certain harm. The USPHS has erred in failing to convert LT Tawwab to Regular Corps status, and is now compounding their error by unlawfully terminating his commission.

## VII. Requested Relief

31. Petitioner requests the Court to order (1) the Respondent to cease immediately all actions to terminate Petitioner as a USPHS officer; (2) the Respondent to refrain from obtaining a new medical evaluation while his current evaluation is still valid; (3) the Respondent to commission him to the Regular Corps by operation of law; (4) the Respondent to promote him

consistent with his commissioning date; (5) the Respondent to pay Petitioner all monies and allowances to which he is entitled; (6) the Respondent to pay Petitioner attorneys fees and costs; and, (7) grant any other relief that justice so requires.

**VII. Conclusion**

Based on the foregoing, Petitioner respectfully requests that this Court grant the requested relief.

Respectfully submitted,

/s/

David P. Sheldon
Law Offices of David P. Sheldon PLLC
100 M Street SE, Suite 600
Washington, DC 20003
(202) 546 9575 (w)
(202) 546 0135 (f)
(202) 468 4111 (c)

www.militarydefense.com

davidsheldon@militarydefense.com